IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-02053-CMA-MJW

American National Property and Casualty Company, a Missouri corporation,

Plaintiff,

v.

Jeffery H. Uscier, an individual,
Jeff Uscier Agency, Inc., a Colorado corporation,
Kenneth R. Farrar, an individual, and
Team Insurance Colorado, LLC, a Colorado limited liability company

Defendants.

## STIPULATION AND PROTECTIVE ORDER
( Docket No. 25 )

The parties, through Counsel of Record, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and as grounds therefore, state as follows:

1. In this action, at least one of the parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests, or that of their respective clients. The parties have entered into this Stipulation and

request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request or through informal discovery, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the parties in the manner provided in paragraph 3 below as containing confidential and sensitive business or personal information or trade secrets, including information about business and financial affairs; research and development; business performance; market research; revenue cost, income, margin, profit, loss, balance sheets, cash flow, sources and uses of cash, or other non-public financial data; financial projections and forecasts; marketing plans; bids; contracts; personal information about an individual party or non-party former or current insureds, customers, employees or contractors, specifically including: names, addresses, Social Security numbers, tax returns, personal financial information, medical information, credit information, immigration and citizenship records, criminal records, personnel actions and personnel evaluations.

3. Where Confidential Information is produced, provided, or otherwise disclosed by a party in response to any discovery request or through informal discovery, it will be designated in the following manner:

    a. By imprinting the word "Confidential" or "Confidential – Attorneys' Eyes Only" on the first page or cover of any document produced;

    b.    By imprinting the word "Confidential" or "Confidential – Attorneys' Eyes Only" next to or above any response to a discovery request or informal discovery; and

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Confidential – Attorneys' Eyes Only" no later than ten calendar days after receipt of the transcribed testimony.

    d.    Before they are produced, the producing party may redact Social Security numbers from a party's or non-party's records. Before they are produced, the producing party may redact from a non-party's records: medical information, credit information, immigration and citizenship records, and criminal records. During the pendency of this action, the other party's counsel may upon court order or agreement of the parties inspect the original files from which any of this information was redacted upon a showing of substantial need.

4.    All Confidential Information provided by a party shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except that information designated "Confidential" may be disclosed for

purposes of this case if an affidavit in the form of **Exhibit A** has been signed.

5. Confidential – Attorneys' Eyes Only.

A Producing party shall have the right to designate Confidential Information consisting of sensitive personal or business information, trade secrets or competitively sensitive financial information and business plans as "Confidential – Attorneys' Eyes Only." The parties anticipate that sensitive business information that may be relevant to this action that would be Confidential – Attorneys' Eyes Only will include information from which particular policy holders may be identified. The burden shall be on the Producing party to demonstrate, when and if challenged, that information designated as Confidential – Attorneys' Eyes Only contains non-public, proprietary, commercially sensitive, competitively sensitive or personal information entitled to such a restriction under Fed. R. Civ. P. 26(c) and/or C.R.S. § 7-74-101 et seq. The parties agree to use their best efforts, acting in good faith, to limit such designations to material that truly warrants the special treatment accorded such material hereunder.

6. Confidential Information designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons other than the Producing party:

a. The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

b. Counsel to the parties who have entered appearances in this action, and legal, clerical, paralegal and secretarial staff employed or retained by such counsel, including outside copying services.

c. Experts or consultants retained in connection with this action in accordance with the terms of paragraph 9;

d. Deposition witnesses in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness signs an Undertaking in the form attached as **Exhibit A** and thereby agrees to be bound by the terms of this Order, or (ii) if such witness refuses to sign an Undertaking, and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to the Confidentiality Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, and that the witness is subject to the Confidentiality Order and any misuse of the Confidential Discovery Material will violate the Court's Order and will be punished as a contempt of Court.

e. The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action.

7. Confidential Information designated as "Confidential – Attorneys' Eyes Only" may be disclosed, summarized, described, characterized or otherwise

communicated or made available in whole or in part only to the following persons other than the Producing party:

    a.    Counsel to the parties who have entered appearances in this action, and legal, clerical, paralegal and secretarial staff employed or retained by such counsel, including outside copying services.

    8.    The party's counsel who discloses another party's Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

    9.    During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

    10.    No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

12. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other party's counsel in writing of the specific grounds of the objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve the dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

13. If opposing counsel objects to the non-designation of certain information as Confidential Information, he or she shall promptly inform the other party's counsel in writing of the specific grounds of the objection to the non-designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve the dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a nondisclosure order consistent with this order. Any motion for nondisclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

14. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its

confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

*[marginalia: MJW 12-9-09]*

15. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of this case.

*[marginalia: MJW 12-9-09]*

16. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

17. By agreeing to the entry of this Protective Order and the designation of information as Confidential Information by another party, the parties make no admissions that the designated information is or is not a trade secret.

18. Upon termination of this litigation, including any appeals, each party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries,

notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 8 herein, and counsel shall provide the Court with verification that any counsel's work product referencing Confidential Information has been destroyed.

19.  Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection for the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 9th day of December 2009.

BY THE COURT:

/s/ Michael J. Watanabe

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**STIPULATED AND AGREED BY:**

By: s/John R. Paddock, Jr.
John R. Paddock, Jr.
Robert W. Carney
Pryor Johnson Carney Karr Nixon, P.C.
5619 DTC parkway #1200
Greenwood Village, CO 80111-3061
Telephone: 303-773-3500

*Attorneys for Plaintiff*


By: s/Eric M. Ziporin
Eric M. Ziporin


By: s/Monica N. Kovaci
Monica N. Kovaci
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: 303-320-0509

*Attorneys for Defendants Kenneth R. Farrar and Team Insurance Colorado, LLC*

By: s/Eileen R. Lerman
Eileen R. Lerman
Lerman & Associates, P.C.
815 East 17th Avenue
Denver, CO 80218
Telephone: 303-394-3900

*Attorney for Defendants Jeffery H. Uscier and Jeff Uscier Agency, Inc.*

**EXHIBIT A**

## AFFIDAVIT

I, _____, hereby acknowledge that I have read this *Stipulation and Protective Order*, understand it, and will be bound by the terms hereof.

_____

Date          Printed Name

_____

Signature

STATE OF        )
                ) ss:
COUNTY OF       )

Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 200\_\_, by _____ personally.

_____

Notary Public

My commission expires: _____

Seal:

11