IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02053-CMA-MJW

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,
a Missouri corporation,

Plaintiff,

v.

JEFFREY H. USCIER, an individual,
JEFF USCIER AGENCY, INC., a Colorado corporation,
KENNETH R. FARRAR, an individual, and
TEAM INSURANCE COLORADO, LLC, a Colorado limited liability company,

Defendants.

---

ORDER REGARDING
PLAINTIFF'S MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS
OUT-OF-TIME (DOCKET NO. 56)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Leave to Designate Expert Witness Out-of-Time (docket no. 56). The court has reviewed the subject motion (docket no. 56) and the response (docket no. 60). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the deadline to designate experts was April 16, 2010. *See* Rule 16 Scheduling Order (docket no. 31) at paragraph 8.d.(3);

5. That in the subject motion (docket no. 56), Plaintiff seeks an extension to August 13, 2010, to designate an expert and argues, *in essence*, that Plaintiff has been entertaining settlement discussions with Defendants' counsel and in the belief settlement could be reached, and to avoid incurring additional litigation expenses, did not engage the services of an expert for this case. The subject motion (docket no. 56) was filed with the court on June 18, 2010, over two months **after** Plaintiff was to designate experts;

6. That a Final Pretrial Conference is set for September 27, 2010, at 9:00 a.m. That the deadline to complete discovery is July 23, 2010, and was previously extended to allow the parties to take three (3) depositions. See docket nos. 55 and 59. That the deadline to file dispositive motions is July 30, 2010;

7. That "[a] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221

(D. Kan. 1995) (quotations omitted);

8. That "[p]rior to the expiration of a Scheduling Order deadline, a party is required to move for extension of time supported by a statement of good cause." Maddox v. Venezio, 09-cv-01000-WYD-MEH, 2010 WL 2363555, *1 (D. Colo. June 10, 2010).  *See* Fed. R. Civ. P. 16(b)(4).  "The 'good cause' standard requires the moving party to show that despite his diligent efforts, he could not have reasonably met the scheduled deadline." Maddox, 2010 WL 2363555, *1 (citing Pumpco, Inc. v. Schenker Intern., Inc., 204 F.R.D. 667, 668 (D. Colo. 2001)).  *See* Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension");

9. That "[i]f a party discovers that it needs an extension of time *after* a deadline has expired, any extension must be supported by a statement of excusable neglect." Maddox, 2010 WL 2363555, *1 (citing Fed. R. Civ. P. 6(b)(1)(B)).  To determine whether the neglect is "excusable", the Tenth Circuit has stated,

> [T]he court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

Stringfellow v. Brown, 1997 WL 8856, *1 (10th Cir. 1997) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd, 507 U.S. 380, 395 (1993));

10. That Plaintiff has failed to show either good cause or excusable neglect for its failure to designate an expert timely. That the Plaintiff's argument that it was entertaining settlement discussions with Defendants' counsel and in the belief settlement could be reached, and to avoid incurring additional litigation expenses, did not engage the services of an expert for this case does not equate to "good cause" under Fed. R. Civ. P. 16(b). *See* Home Design Servs., Inc., v. Trumble, 09-cv-00964-WYD-CBS, 2010 WL 1435382, *10 (D. Colo. Apr. 9, 2010) (quoting Arnold v. Krause, 232 F.R.D. 58, 65-66 (W.D.N.Y. 2004)); and

11. That Defendant would suffer severe prejudice if this court allowed Plaintiff's late expert witness designation in that discovery as to the last three depositions will be completed next week on July 23, 2010, and dispositive motions must be filed in this case by July 30, 2010. Further, the Final Pretrial Conference is set on September 27, 2010, at 9:00 a.m. To allow a late expert endorsement would require an extension of the discovery cut-off date, an extension of the date to file dispositive motions, vacation of the Final Pretrial Conference date, and resetting of a new Final Pretrial Conference date. Lastly, Plaintiff could have filed a motion to extend the

deadline to designate experts before April 15, 2010, when Plaintiff clearly knew that a settlement had not be achieved in this case.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS**:

1. That Plaintiff's Motion for Leave to Designate Expert Witness Out-of-Time (docket no. 56) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs.

Done this 14th day of July 2010.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE