**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02053-CMA-MJW

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,
a Missouri corporation,

      Plaintiff,

v.

JEFFERY H. USCIER, an individual,
JEFF USCIER AGENCY, INC., a Colorado corporation,
KENNETH R. FARRAR, an individual, and
TEAM INSURANCE COLORADO, LLC, a Colorado limited liability company,

      Defendants.

---

**AMENDED ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
PLAINTIFF AND USCIER DEFENDANTS, AND ENTERING MONETARY JUDGMENT
AND PERMANENT INJUNCTION AGAINST USCIER DEFENDANTS**

---

      The Court having received and reviewed the Joint Motion of Plaintiff and Defendants Jeffery H. Uscier and Jeff Uscier Agency, Inc. (the "Uscier Defendants") (Doc. # 78) to approve Settlement Agreement between those parties, to accept the Uscier Defendants' stipulation to judgment and to enter a monetary judgment and permanent injunction against the Uscier Defendants, and, being fully advised of the bases for the motion, hereby ORDERS as follows:

      1.    That the joint motion is granted and the Settlement Agreement submitted with the joint motion is approved.

2

2.      That judgment is entered against the Uscier Defendants on Plaintiff's second claim for relief stated in the Amended Complaint, and a permanent injunction is hereby entered in favor of Plaintiff and against the Uscier Defendants as follows:

      a.      For the one-year period of November 11, 2010 to November 10, 2011, the Uscier Defendants and their employees, agents and representatives will not solicit or take any other action to cause anyone who was a policyholder of ANPAC as of February 28, 2010 for whom either of the Uscier Defendants had been ANPAC's agent ("ANPAC's Customers") to terminate or not to renew any insurance policy or other contract with ANPAC.  Further, regardless of who initiates a request to write insurance, the Uscier Defendants will not write insurance coverage or accept any insurance business from any of ANPAC's Customers during the same one-year period.  This prohibition shall not prohibit the Uscier Defendants from soliciting business from any person through normal advertising practices; *e.g.*, newspaper and Internet advertising that is meant to be seen by all potential customers and is not targeted at ANPAC's policyholders or ANPAC's Customers; however, the Uscier Defendants may not write insurance for any of ANPAC's Customers whether Customers respond to general advertising or ask the Uscier Defendants to write coverage for them for any other reason during the one-year period.  The prohibition against soliciting or writing insurance for ANPAC's Customers for one year expressly excludes any former policyholder of ANPAC for whom the Uscier Defendants had been ANPAC's

agent who left ANPAC before February 28, 2010, and the Uscier Defendants are free to solicit or to write insurance for any such person.

  b.  Except as provided in the Settlement Agreement, the Uscier Defendants and their employees, agents and representatives will not take, misappropriate or make any use of any of ANPAC's "Trade Secrets" as defined in Paragraph 4 of the Settlement Agreement and will not disseminate any of ANPAC's Trade Secrets or ANPAC's "Records," as defined in Paragraph 3 of the Settlement Agreement, to anyone, with the sole exception of any use required for Uscier to participate as a witness in the trial of this action.

  3.  There being no just reason for delay under Fed. R. Civ. P. 54(b), that judgment is entered in favor of ANPAC and against Jeffery H. Uscier and Jeff Uscier Agency, Inc., jointly and severally, for TWENTY THOUSAND DOLLARS ($20,000.00).

  4.  The Court approves the parties' agreements stated in the Settlement Agreement regarding enforcement of the Settlement Agreement.

  5.  That each party to the Settlement Agreement will pay that party's own attorneys' fees and costs; however, this does not preclude Plaintiff from seeking its full fees and costs against Defendant Team Insurance Colorado, LLC in this action or Defendant Kenneth R. Farrar through Mr. Farrar's bankruptcy.

  DATED: December __10__, 2010

            BY THE COURT:

            _____
            CHRISTINE M. ARGUELLO
            United States District Judge